RULEY, JUDGE:
The claimants own property on Local Service Road 12/1, also known as Deer Pen Road, Lesage, Cabell County, West Virginia. The property consists of approximately 49 acres, located on the north and south sides of Deer Pen Road. Of this 49 acres, approximately 5Vi acres, in the form of three fields located on the south side of the road, are the subject of this claim. Two landslides blocked claimants’ access to the fields, and claimants seek an award of $150,000.00 for damage to their land. Prior to the slides, claimants reached the fields by way of two private roads. When access was still possible, the fields had been used to raise tobacco, which claimants sold, and produce for their own consumption. Hay and corn, used to feed their animals, were also grown. Claimants allege that they have lost over $3,800.00 in three years for their tobacco crop.
*16 The earlier of the two slides occurred in either 1979 or 1980 and blocked access to one of the fields. This slide was located entirely on the south side of Deer Pen Road, and did not affect the road itself. No evidence was presented by claimants as to the cause of this slide. Respondent’s witnesses testified that they were unable to determine its origin. As no evidence was presented by claimants to establish that any acts or omissions of the respondent were the proximate cause of the damage in question, the Court is of the opinion, and does, deny an award for this portion of the claim.
The later slide occurred in the spring of 1981. This slide originated on the property of an adjoining landowner on the north side of Deer Pen Road. The slide, measuring approximately 150 feet wide and 125 feet long, covered both Deer Pen Road and claimants’ private road to the two fields.
James A. Amenta, a soils geologist employed by respondent, testified that the slide resulted when the adjacent landowner removed timber from the land. Mr. Amenta said:
“. . . it’s a slide prone area and there have been sliding constantly but whenever you get in here in this area and you take off the trees and you allow water to get into the slide area, you’re increasing your slide chances tremendously. So apparently when this man was in here clearing out with the dozer, he allowed water to get into the slide and it increased the slide probability of the area and as this thing slid, it slid down over the road and down onto Mr. Ryder’s private road.”
Clarence F. Scarberry, a general foreman who performed the slide correction, testified that he saw “about five” holes filled with water on the hillside. These holes occurred “where a dozer had been hung up.” Mr. Scarberry stated that he drained one hole which contained “a tremendous amount of water,” but the others were on the adjoining landowners’ property and not respondent’s right of way. As the evidence presented indicates that the acts of a third party were the proximate cause of the slide, rather than any acts or omissions of the respondent, the claim must be denied.
Claim disallowed.